# FILED

**NOT FOR PUBLICATION**

MAR 12 2018

UNITED STATES COURT OF APPEALS

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| JOHN MARTS; MICHELLE MARTS, | No.    16-35240 |
| Plaintiffs-Appellants, | D.C. No. 2:15-cv-00198-RAJ |
| v. | |
| U.S. BANK, as Trustee, Successor in Interest to Bank of America, National Association as Successor by Merger to LaSalle Bank National Association as Trustee for Certificate Holders of Bear Stearns Asset Backed Securities I Asset-Backed Certificates Series 2007-HE6; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., a Delaware Corporation, | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Western District of Washington
Richard A. Jones, District Judge, Presiding

Submitted February 8, 2018**
Seattle, Washington

---

*This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

**The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Before: FISHER, GOULD and PAEZ, Circuit Judges.

The Marts appeal the district court's summary judgment in favor of U.S. Bank and Mortgage Electronic Registration Systems ("MERS") in their Washington Consumer Protection Act ("WCPA") action. We have jurisdiction under 28 U.S.C. § 1291. We review de novo a district court's grant of summary judgment. *See Lopez v. Smith*, 203 F.3d 1122, 1131 (9th Cir. 2000). We may affirm on any ground supported by the record. *See UMG Recordings, Inc. v. Augusto*, 628 F.3d 1175, 1178 (9th Cir. 2011). We affirm.

The WCPA has a four-year statute of limitations. *See* Wash. Rev. Code § 19.86.120 ("Any action to enforce a claim for damages under [the WCPA] shall be forever barred unless commenced within four years after the cause of action accrues."). The Marts' cause of action accrued more than four years before they filed their complaint. None of the arguments advanced by the Marts to avoid the statute of limitations is persuasive. Therefore, their claims are time-barred.

Furthermore, even if the Marts' claims were not time-barred, the Marts did not raise a genuine issue of material fact as to whether their injuries were caused by the alleged deceptive acts of U.S. Bank and MERS. *See Hangman Ridge Training Stables, Inc. v. Safeco Title Ins. Co.*, 719 P.2d 531, 533 (Wash. 1986) (holding that a plaintiff must demonstrate the alleged injuries were caused by the

2

deceptive acts of the defendant to make out a claim under the WCPA); *see also*

*Indoor Billboard/Wash., Inc. v. Integra Telecom of Wash., Inc.*, 170 P.3d 10, 22

(Wash. 2007) ("A plaintiff must establish that, but for the defendant's unfair or

deceptive practice, the plaintiff would not have suffered an injury.").

**AFFIRMED.**